458

5-3578                                    390 S. W. 2d 124

Opinion delivered May 17, 1965.

[Rehearing denied June 7, 1965.]

*Hardin, Barton, Hardin & Jesson,* for appellant.

*Byron Goodson,* for appellee.

PAUL WARD, Associate Justice. A fire which orig-
inated along the right-of-way of the Kansas City South-
ern Railway Company (appellant herein) damaged real
estate belonging to appellees (S. G. Story and Dukes
Wilson, d/b/a Story and Wilson) which land lay adja-
cent to said right-of-way. The stipulated damages
amounted to $1980.

Following a trial before the Circuit Judge (sitting
as a jury) wherein appellees contended the fire was
caused by negligence and carelessness on the part of
appellant, a judgment was entered against appellant and
in favor of appellees in the amount previously mentioned.

On appeal the only point urged is the lack of sub-
stantial evidence to support the judgment.

The material testimony which is not in dispute may
be summarized as hereafter set forth. Appellant's
freight train, consisting of 122 cars and five diesel loco-
motive units passed the land belonging to appellees and
shortly thereafter a fire was observed on the right-of-
way. No one saw the fire when it first started or knows
exactly how it started. At the time of the fire the weather
was dry and had been for several weeks.

First, it is deemed proper to set forth clearly the applicbale rule of law under which this case is being tried. In the recent case of *Kansas City So. Ry. Co.* v. *Beaty,* 239 Ark. 187, 388 S. W. 2d 79, to which reference is made for more details, it is pointed out that before the passage of Act 141 of 1907, it was necessary for the plaintiff, in a case of this nature, to allege and prove negligence on the part of the railroad company. After the passage of said Act 141 it was not necessary to allege or prove negligence, but it was, of course, necessary to prove (by direct or circumstantial evidence) that the railroad company was responsible for starting the fire. This was the law until the passage of Act 320 of 1955 when once more it was made the duty of the plaintiff to allege and prove negligence. This rule of law applies in this case.

We have concluded that in this case the finding of the trial court (sitting as a jury) is supported by substantial evidence. In the *Beaty* case we quoted with approval from *Missouri Pacific Railroad Company* v. *Johnson,* 198 Ark. 1134, 133 S. W. 2d 33, the following:

"Where fire is discovered shortly after a train has passed, and the proof does not establish some other origin of the fire, the jury is justified in finding that fire originated from sparks from the engine. . . . There is thus made a case of *prima facie* negligence, not rebutted by other evidence to the effect only that the spark arresters were in good condition. . . ."

In addition to the testimony set out above, the record also discloses: one witness said he observed the fire shortly after the train passed; another witness said the train was using its brakes when it went by; and, another witness testified the wheels and brakes on the train were made of cast-iron, which (when the brakes were applied) has a tendency to create sparks; and, appellant has some fiber brake shoes on its newer cars. We conclude, therefore, that the judgment of the trial court is supported by substantial evidence.

Affirmed.